# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI, ST. JOSEPH DIVISION

| | |
|---|---|
| **MARILYN HURT,** ) | |
| ) | |
|     **Plaintiff.** ) | |
| ) | |
| **vs.** ) | |
| ) | Case No. |
| **MFA INCORPORATED** ) | |
| ) | Division |
| ) | |
| **Serve Registered Agent:** ) | |
| **The Corporation Company** ) | **JURY TRIAL DEMANDED** |
| **201 Ray Young Drive** ) | |
| **Columbia, MO 65201** ) | |
| ) | |
|     **Defendant.** ) | |

## COMPLAINT

COMES NOW, Plaintiff Marilyn Hurt, by and through the undersigned counsel, and states and alleges as follows for her Petition against the above-named Defendant:

## NATURE OF THE CASE

1. This is an action for legal and equitable relief to address the deprivation of Plaintiff's civil rights based on sex discrimination, age discrimination and disability discrimination in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*

2. Plaintiff seeks all available remedies from Defendant, including compensatory and punitive damages, as well as her costs and reasonable attorneys' fees as provided for by law, and equitable relief the Court deems warranted.

## PARTIES

3. Plaintiff Marilyn Hunt is, and was at all times relevant to the allegations contained herein, a female resident, over the age of 40, of the State of Missouri, who worked for Defendant at its locations in Harrison County, Missouri and Gentry County, Missouri.

4. Defendant MFA Incorporated is a Midwest based regional farm supply and marketing cooperative serving more than 45,000 farmers/owners in Missouri and adjacent states.

5. Defendant is a corporation authorized to and conducting business in the State of Missouri, and more specifically in Bethany, Missouri and Albany, Missouri.

6. Defendant is and was at all times relevant to the allegations contained herein, an "employer" as that term is defined in the MHRA, Mo. Rev. Stat. § 213.010(7), and as defined under Title VII and the ADEA.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal statutes. This Court has supplemental jurisdiction over Plaintiff's state law claims arising under the Missouri Human Rights Act.

8. This Court has personal jurisdiction over the Defendant as Defendant employed Plaintiff in Missouri, conducted and transacted business in Missouri, and all or a substantial portion of the discriminatory and wrongful acts alleged herein occurred in the Western District of Missouri.

9. Venue is proper in this Court because all or a substantial part of the alleged acts, omissions and occurrences giving rise to the claims alleged herein occurred at Defendant's business, Plaintiff's former place of employment, in Gentry County, Missouri.

## CONDITIONS PRECEDENT

10. Plaintiff timely filed her Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on or about October 31, 2019, alleging discrimination on the basis of sex, age and disability against Defendant. *A copy of Plaintiff's MCHR Charge is attached hereto as **Exhibit A** and incorporated herein by reference.*

11. The MCHR issued Plaintiff a Notice of Right to Sue with respect to her Charge of Discrimination on or about May 11, 2020. *A copy of the Notice of Right to Sue is attached hereto as **Exhibit B** and incorporated herein by reference.*

12. The Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue with respect to her Charge of Discrimination on or about July 7, 2020. *A copy of the Notice of Right to Sue is attached hereto as **Exhibit C** and incorporated herein by reference.*

13. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to filing this action.

## FACTUAL ALLEGATION

14. Plaintiff began her employment with Defendant in 1996 and held the position of bookkeeper throughout her 22 1/2 years of employment with Defendant.

15. As a bookkeeper, Plaintiff's duties and responsibilities included payroll entry, account payables and receivables, clerical duties and customer service duties.

16. Plaintiff worked at Defendant's Bethany, Missouri location, as well as the Albany, Missouri location.

17. In June of 2018, Josh Miller became Plaintiff's supervisor.

18. Supervisor Miller is significantly younger than Plaintiff and based on information and belief was approximately 37 years old at the time of Plaintiff's termination.

19. Prior to Josh Miller becoming Plaintiff's supervisor, Plaintiff had been supervised by David Cooper for approximately 11 years.

20. Miller became Plaintiff's supervisor following David Cooper's retirement from MFA Incorporated.

21. During the 11 years when Cooper was Plaintiff's supervisor, Plaintiff always received positive evaluations.

22. In late October of 2018, just months after Miller became Plaintiff's supervisor, she was placed on a Performance Improvement Plan by Miller.

23. At the time Plaintiff was placed on a Performance Improvement Plan, Miller's main criticism of Plaintiff was that she allegedly accumulated excessive overtime and that Plaintiff's overtime needed to be minimized.

24. During Plaintiff's 20 plus years as a bookkeeper for Defendant, overtime was always necessary in order for Plaintiff to fulfill all of the duties and responsibilities of her position.

25. Per the Performance Improvement Plan, Plaintiff was to minimize her overtime and was to be reviewed by Miller at the end of November 2018 to track her progress.

26. Following the Performance Improvement Plan being issued by Miller in October of 2018, nothing further was said directly to Plaintiff about any alleged performance deficiencies and her overtime hours were never criticized thereafter.

27. Miller never reviewed Plaintiff's progress under the Performance Improvement Plan in November of 2018.

28. Plaintiff submitted and was paid for overtime from October of 2018 until the time of her termination with no further mention of her overtime accumulation being an issue.

29. Plaintiff received a raise at the beginning of November 2018 despite the alleged deficiencies and Performance Improvement Plan.

30. In February or early March 2019, Miller told Defendant's employees, including Plaintiff, for everyone to watch their overtime and to try to keep it down.

31. However, Miller told Defendant's employees that if they were "productive" then overtime was okay. He told at least two men that they could continue with overtime because they were "productive". One male was a grain hauler and the other male was a National Automotive Parts Association salesman.

32. Plaintiff's work would also be considered as "productive" as Plaintiff would have to process the money, sales, and accounting for sales made or work performed by Defendant's employees.

33. Based on the lack of any further criticism, the lack of Miller's concern and follow up regarding the Performance Improvement Plan, Plaintiff's receipt of a raise and payment of her overtime hours without issue, Plaintiff reasonably believed that she was successfully performing her duties and responsibilities as she had for the previous 20+ years of her employment with Defendant.

34. Miller never told Plaintiff "no more overtime" prior to May 28, 2019.

35. On or about May 28, 2019, Plaintiff was terminated.

36. At the time of her termination, Plaintiff was asked by Miller why she had over-time the last pay period.

37. As Plaintiff was packing up her personal items, Miller said to Plaintiff "I told you no more overtime."

38. Later, Plaintiff learned she was terminated due to insubordination resulting from her overtime accumulation.

39. At the time of her termination in May of 2019, Plaintiff was 65 years old.

40. Based on information and belief, Plaintiff was replaced with a 24-year-old female who Plaintiff had previously trained for the position of bookkeeper at the Maysville, Missouri location.

41. Plaintiff had significantly more experience and expertise than her younger female replacement.

42. Based on information and belief, approximately 2 ½ years prior to Plaintiff's termination, the Maysville, Missouri bookkeeper was terminated by Miller and replaced with the same young female who replaced Plaintiff.

43. Based on information and belief, the former Maysville, Missouri bookkeeper who was terminated by Miller, was in her mid-50s at the time of her termination.

44. Plaintiff had been diagnosed with a hearing disability and began wearing a hearing amplifier aid in August of 2018 to assist with her hearing disability.

45. Plaintiff wore the hearing amplifier aid daily at work, from August of 2018 until the time of her termination.

46. During the time Miller supervised Plaintiff, she had a hearing disability.

47. Based on information and belief, Miller and Defendant were aware of Plaintiff's disability and/or perceived her as disabled as it relates to her hearing impairment.

48. Miller made Plaintiff's job more difficult for her by yelling to her from his office rather than using the phone system.

49. Miller would become frustrated with Plaintiff when she could not hear him, despite making his communication with Plaintiff more difficult for her in light of her disability.

50. Defendant has engaged in a pattern and practice of discrimination based on gender and age.

51. Defendant has engaged in an ongoing, pattern and practice of gender discrimination and age discrimination against Plaintiff and other female employees.

52. On information and belief, the true reason for Plaintiff's termination was discrimination based on sex and/or age and was part of Defendant's ongoing pattern of discrimination.

53. At all times relevant herein, the individuals referenced, including but not limited to Josh Miller, were acting within the course and scope of their agency and employment with Defendant, or their actions were expressly authorized by Defendant, thereby making Defendant vicariously liable for their actions under the doctrine of respondeat superior.

54. At all times relevant herein, Defendant ratified the actions of its employees and agents thus making Defendant liable for the actions of its employees.

55. The discrimination Plaintiff experienced has caused, and will continue to cause, lost wages and emotional distress.

56. As a result of the discrimination, Plaintiff has suffered and will continue to suffer damages, including but not limited to lost wages, lost benefits, loss of earning capacity, loss of career opportunity, emotional distress, diminished job opportunities and deprivation of civil rights.

## COUNT I
### Sex Discrimination
### Pursuant to the MHRA, § 213.010 *et seq*.

57. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

58. During the course and scope of Plaintiff's employment, Defendant engaged in a pattern and practice of discrimination of Plaintiff based on her sex, in violation of the MHRA.

59. By reason of Plaintiff's sex, Defendant discriminated against Plaintiff in ways including but not limited to unfair criticism, unfair and unwarranted discipline, and termination.

60. By reason of Plaintiff's sex, Defendant treated Plaintiff and other females less favorably than their male contemporaries and counterparts.

61. The discrimination to which Plaintiff was subjected included Defendant unfairly disciplining Plaintiff and terminating Plaintiff's employment.

62. The actions of Defendant have been discriminatory and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the MHRA.

63. As a direct and proximate cause of Defendant's discrimination, Plaintiff has incurred and will continue to incur damages, including lost wages and emotional distress.

64. The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by R.S.Mo. § 213.010, *et seq.*; for an award of compensatory and punitive damages,

for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT II
### Age Discrimination
### Pursuant to the MHRA §213.010 *et seq*.

65. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

66. During the course and scope of Plaintiff's employment, Defendant engaged in a pattern and practice of discrimination of Plaintiff based on her age, in violation of the MHRA.

67. By reason of Plaintiff's age, Defendant discriminated against Plaintiff in ways including but not limited to unfairly discipling and criticizing Plaintiff, and ultimately terminating her employment, all in violation of the MHRA.

68. By reason of their age, Defendant treated Plaintiff and other older employees, including older female employees, less favorably than younger employees.

69. The actions of Defendant, as noted above, have been discriminatory and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the MHRA.

70. As a direct and proximate cause of Defendant's discrimination, Plaintiff has incurred and will continue to incur damages, including lost wages and emotional distress.

71. The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination as

prohibited by R.S.Mo. § 213.010, *et seq.*; for an award of compensatory and punitive damages, for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT III
### Disability/Perceived Disability Discrimination
### Pursuant to the MHRA, R.S.Mo. § 213.010, *et seq.*

72. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

73. The conduct and actions of Defendant constitute improper and discriminatory behavior.

74. Plaintiff's disability and/or perceived disability was a motivating factor in the discriminatory and harassing conduct she suffered and experienced.

75. Defendant's discriminatory conduct has included, but is not limited to, disciplining Plaintiff, and making the terms and conditions of her employment more difficult.

76. Plaintiff's terms, conditions, and privileges of employment have been adversely altered because of the Defendant's discriminatory conduct on the basis of Plaintiff's disability and/or perceived disability.

77. Defendant's conduct described herein further unnecessarily and unreasonably interfered with Plaintiff's ability to perform her job.

78. Defendant's conduct has caused Plaintiff degradation, humiliation, and emotional distress.

79. As a direct and proximate cause of the discrimination, Plaintiff as incurred and continues to incur damages, including lost wages and emotional distress.

80. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III of her Complaint for Damages, for a finding that she has been subjected to unlawful discrimination as prohibited by R.S.Mo. § 213.010, *et seq.*; for an award of compensatory and punitive damages, for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IV
## Title VII Sex Discrimination
## (42 U.S.C. §2000e *et seq.*)

81. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

82. During the course and scope of Plaintiff's employment, Defendant's representatives, including but not limited to Josh Miller, while acting within the course and scope of their employment, engaged in a pattern and practice of discrimination against Plaintiff based on her gender in violation of Title VII.

83. By reason of Plaintiff's sex, Defendant treated Plaintiff and other females less favorably than their male contemporaries and counterparts.

84. The discrimination to which Plaintiff was subjected included unfair criticism, unfair and unwarranted discipline and ultimately termination.

85. The actions of Defendant have been discriminatory and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute

unlawful employment practices in violation of Title VII

86. As a direct and proximate cause of Defendant's discrimination, Plaintiff has incurred and will continue to incur damages, including lost wages and emotional distress.

87. The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV of her Complaint for Damages, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §2000e *et seq.*; for an award of compensatory and punitive damages, for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT V
## Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*)

88. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

89. Plaintiff was 65 years old at the time of her termination.

90. Throughout her 20 plus years of employment, Plaintiff met or exceeded expectations.

91. During the course and scope of Plaintiff's employment, Defendant engaged in a pattern and practice of discrimination of Plaintiff based on her age, in violation of the ADEA.

92. By reason of Plaintiff's age, Defendant discriminated against Plaintiff in ways including but not limited to unfairly criticizing and disciplining Plaintiff, and terminating Plaintiff's employment.

93. By reason of Plaintiff's age Defendant treated Plaintiff and other older employees,

including older female employees, less favorably than younger employees.

94. The actions of Defendant, as noted above, have been discriminatory and constituted a disparity in treatment toward Plaintiff as to job terms, conditions, and privileges of employment, and constitute unlawful employment practices in violation of the ADEA.

95. As a direct and proximate cause of Defendant's discrimination, Plaintiff has incurred and will continue to incur damages, including lost wages and emotional distress.

96. The actions set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendant to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count V of her Complaint, for a finding that she has been subjected to unlawful discrimination; for an award of back pay, including lost fringe benefits, bonuses, cost of living increase and other benefits including interest, equitable relief in the form of front pay or reinstatement, for an award of compensatory and liquidated damages, for costs expended, reasonable attorneys' fees, and such other and further relief as this Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues set forth in her Complaint.

Respectfully submitted,

**HOLMAN SCHIAVONE, LLC**

By: /s/Anne Schiavone
Anne Schiavone, MO Bar #49349
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
aschiavone@hslawllc.com

and

THE MCCALLISTER LAW FIRM, P.C.

By: /s/ *Brian F. McCallister*
Brian F. McCallister MO #37383
Andrew D. Ferrell MO #67468
917 West 43rd Street
Kansas City, MO 64111-3133
Telephone: (816) 931-2229
Fax: (816) 756-1181
Email: brian@mccallisterlawfirm.com
anderew@mccallisterlawfirm.com

**ATTORNEYS FOR PLAINTIFF**